DISTRICT OF OREGON
**F I L E D**
April 26, 2011
Clerk, U.S. Bankruptcy Court

Below is an Opinion of the Court.

_____
ELIZABETH PERRIS
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case No. |
| | ) 10-67114-elp13 |
| RAMONA JACQUELYN MORGAN, | ) |
| | ) |
| Debtor. | ) MEMORANDUM OPINION |
| | ) |

Creditor Fred Morgan ("Morgan") objects to confirmation of debtor Ramona Morgan's ("debtor") chapter 13 plan.[1] Debtor objects to the claim that Morgan, her ex-husband, filed in this bankruptcy case. The question underlying both disputes is the characterization of the debt debtor owes to Morgan that arose out of a dissolution judgment. Morgan says that it is a domestic support obligation ("DSO"), while debtor says that it is a debt for property division, which is not entitled to priority under the Bankruptcy Code. The court held an evidentiary hearing on the objections. Based on the evidence and testimony presented at the hearing, and for the reasons set out below, I conclude that the debt is

---

[1] References to chapters and sections are to the Bankruptcy Code, 11 U.S.C. § 101 et seq.

Page 1 - MEMORANDUM OPINION

not entitled to priority, because it is not a DSO. Debtor's chapter 13 plan will be confirmed and her objection to Morgan's claim sustained.[2]

FACTS

Debtor and Morgan were married in 1969. They divorced in 2009. At the time of the hearing in this case, debtor was 72 years old and Morgan was 91. The judgment dissolving their marriage was the result of an agreement, negotiated while both parties were represented by counsel. As relevant here, the judgment divided the parties' property, awarded debtor a judgment of $4,000 against Morgan for property division, and awarded Morgan an equalizing judgment against debtor of $35,000, to be paid in monthly installments of $350 per month until paid in full. Judgment of Dissolution ¶¶ 2.8, 6 (pp. 7, 11). Debtor's obligation to make payments on the $35,000 terminates on the death of either party, and the estate of either party has no obligation or claim based on the $35,000 award. Id. ¶ 6.2 (p. 11).

The dissolution judgment divided the parties' debts and obligations. Paragraph 5.5 (p. 10) of the judgment provided:

> The obligation of a party to pay, defend, indemnify and hold the other party harmless from the payment of any debt described in this Judgment is a support obligation under 11 U.S.C. subsection 523(5) [sic] which is not dischargeable in bankruptcy as to the other party.

Debtor filed chapter 13 in 2010. Her plan does not provide for

---

[2] In his Trial Memorandum, and again at trial, Morgan argued that the debt is nondischargeable under § 523(a)(15). The procedure for obtaining a determination of the dischargeability of a debt is to file an adversary proceeding. Fed. R. Bankr. P. 7001(6). In any event, unlike a debt described in § 523(a)(5), a debt described in § 523(a)(15) is not excepted from a chapter 13 discharge. § 1328(a)(2).

Page 2 - MEMORANDUM OPINION

payment of the $35,000 obligation as a priority claim under § 507(a)(1), but instead treats the $35,000 obligation arising from the dissolution judgment as a general unsecured claim. Morgan objects to confirmation, arguing that, because the obligation is a DSO, it must be paid as a priority claim through the plan. Morgan filed a proof of claim in which he asserts that the obligation is a priority claim. Debtor objects to the claim on the ground that it is not entitled to priority.

DISCUSSION

A chapter 13 plan must provide for payment, in full, of claims entitled to priority under § 507. § 1322(a)(2). An allowed unsecured claim for a DSO owed to a former spouse is entitled to first priority. § 507(a)(1)(A). As relevant here, "domestic support obligation" is defined as a debt owed to a spouse or former spouse that is "in the nature of alimony, maintenance, or support . . . without regard to whether such debt is expressly so designated." § 101(14A).

Whether an obligation is in the nature of support and thus qualifies as support under bankruptcy law is a question of federal law. In re Sternberg, 85 F.3d 1400, 1405 (9th Cir. 1996), rev'd on other grounds, In re Bammer, 131 F.3d 788 (9th Cir. 1997). In determining whether an obligation is a DSO entitled to priority under § 507(a), the court looks to the interpretation of support discussed in cases relating to the dischargeability of support under former § 523(a)(5). In re Collins, 2007 WL 1110766, *4 n.6 (Bankr. D. Or. 2007); In re Chang, 163 F.3d 1138, 1142 (9th Cir. 1998).

To decide whether an obligation, such as the $35,000 obligation in this case, is in the nature of support, "the court must look beyond the

Page 3 - MEMORANDUM OPINION

language of the decree to the intent of the parties and to the substance of the obligation." Shaver v. Shaver, 736 F.2d 1314, 1316 (9th Cir. 1984). When, as here, the obligation is created by a stipulated dissolution judgment, "the intent of the parties at the time the settlement agreement is executed is dispositive." Sternberg, 85 F.3d at 1405. Factors to be considered in determining the intent of the parties include "whether the recipient spouse actually needed spousal support at the time of the divorce[;]" which requires looking at whether there was an "imbalance in the relative income of the parties" at the time of the divorce. Id. Other considerations are whether the obligation terminates on the death or remarriage of the recipient spouse, and whether payments are made directly to the spouse in installments over a substantial period of time. Id.; Shaver, 736 F.2d at 1316-1317. The labels the parties used for the payments may also provide evidence of the parties' intent. Sternberg, 85 F.3d at 1405.

I start with the provisions of the dissolution judgment. The judgment, resulting from an agreement between the parties, divides the parties' property and obligations. At the time of dissolution, debtor had assets valued at $155,482, and Morgan had assets valued at $63,833. Debtor's most significant asset was her CalPERS account valued at $146,782, which provides her with a stream of income. Morgan's assets included a mobile home valued at $26,500 but needing $7,650 in repairs. Morgan also had a Fidelity account that was valued at $57,100 less a $13,000 outstanding cash advance. Debtor was awarded the CalPERS account; Morgan was awarded the mobile home and the Fidelity account.

In the section of the judgment labeled "Division of Assets," debtor

was awarded $4,000, which was called "a property division judgment." ¶ 2.8 (p. 7). Debts were allocated between the parties. ¶ 5 (pp. 8-10). In the paragraphs dealing with allocation of debts, the judgment said, "The obligation of a party to pay, defend, indemnify and hold the other party harmless from the payment of any debt described in this Judgment is a support obligation under 11 U.S.C. subsection 523(5) [sic] which is not dischargeable in bankruptcy as to the other party." ¶ 5.5 (p. 10).

Paragraph 6 was labeled "Equalizing Judgment." In that paragraph, Morgan was awarded a $35,000 judgment against debtor, to be paid at $350.00 per month, terminating on the death of either party. ¶¶ 6, 6.1, 6.2 (p. 11).

The judgment did not mention spousal support.

Debtor's obligation to pay Morgan $35,000 was labeled as an equalizing judgment. Although the label is some evidence of intent, it is not dispositive, if it appears that the parties actually intended the obligation to be in the nature of support.

The evidence at trial was that, at the time of the dissolution, debtor's net income was approximately $871 per month from Social Security and $942 per month from CalPERS, for a total of $1,813 per month. Morgan's net income was approximately $70 from his private pension and $626 from Social Security, for a total of $696 per month. In addition, Morgan was awarded his Fidelity account, from which he could withdraw up to $600 per month. Therefore, his total available income was $1,296 per month.

Although there was a disparity in income of approximately $500 a month, which could support a conclusion that the $35,000 award payable at

Page 5 - MEMORANDUM OPINION

$350 per month was intended to be in the nature of support, it is also relevant that Morgan was awarded the mobile home, and so did not have housing costs other than his monthly mobile home lot rental. Debtor, on the other hand, had to find housing and either pay rent or make a mortgage payment.

Taking into account the award of the home to Morgan, thereby reducing his housing costs, the discrepancy in net monthly income of the parties is much less than would be indicated by looking at the net income of the parties alone. Because debtor had to find and pay for housing, it appears that the net income available to each party, taking into account housing expenses, was relatively equal.

Although the judgment in this case structured the equalizing award in some ways like a support payment, requiring payment of $350 per month over a period of time and terminating on the death of either party, I conclude that this obligation was not intended to be in the nature of support. Both parties were represented by counsel. The obligation was labeled "Equalizing Judgment," a term that counsel and the parties chose to characterize the obligation. The judgment did not mention spousal support. The incomes of the parties, taking into account the costs of housing, were relatively equal. Although the label given to the obligation is not dispositive, I give it weight in this case where both parties had counsel and the judgment addressed the issue of dischargeability of the obligation to pay debts. Judgment at ¶ 5.5 (p. 10). There is no similar provision relating to the obligation to pay the equalizing judgment contained in ¶ 6. The fact that the judgment specifically addressed the bankruptcy consequences of the allocation of

Page 6 -   MEMORANDUM OPINION

debts, and that it failed to include a similar provision regarding the bankruptcy consequences of the equalizing judgment supports the conclusion that the parties did not intend the equalizing judgment to be in the nature of support, but instead intended it to be what the judgment said it was - a judgment equalizing the assets of the parties.

I recognize that both parties in this case have little income. However, the question is whether the parties intended the $35,000 award in the dissolution judgment to be in the nature of support. Under the facts of this case, I conclude that they did not intend it to be support, and so it is not a priority claim that must be paid through the plan.

CONCLUSION

The trustee reported that, if the obligation at issue here is not a DSO, debtor's plan is ready to be confirmed. I overrule Morgan's objection to confirmation and direct the trustee to submit the Order Confirming Plan. Because the determination that the obligation is not a DSO also resolves debtor's objection to Morgan's claim, I sustain her objection to the claim. Counsel for debtor should submit an order sustaining the objection and allowing the claim as a general unsecured claim and not as a priority claim.

###

cc: Kristin E. Olson
    Fred Morgan
    Fred Long

Page 7 - MEMORANDUM OPINION